**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAZEL WALSH,

          Plaintiff,

    v.

KINDRED HEALTHCARE,

          Defendant.

_____/

No. C 11-00050 JSW

**ORDER REGARDING
ROSSMOOR'S MOTION TO
DISMISS**

Now before the Court is the motion to dismiss filed by defendant Care Center of Rossmoor, L.L.C., f.k.a. Guardian of Rossmoor ("Rossmoor"). This motion is fully briefed and is ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for decision without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 30, 2012 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby grants Rossmoor's motion to dismiss.

**BACKGROUND**

Plaintiffs are residents, or the successors-in-interest of residents, at nursing homes owned and managed by Defendants. They allege that Rossmoor and the other defendants have not provided sufficient staffing of nurses at skilled nursing facilities ("SNFs") in California. According to Plaintiffs, Defendants failed to maintain the statutorily-mandated nursing staff levels at Rossmoor and the other SNFs. As a result, Plaintiffs suffered several "indignities and other harms" as a result of inadequate nurse staffing, including inappropriate chemical and

physical restraints, delayed responses to call lights, lack of assistance with grooming, bathing, dressing, eating and showers, and failure to provide fluids.  (Second Amended Complaint ("SAC"), ¶ 76.)  In the postings in the SNFs, Defendants and Rossmoor claimed to adhere to the resident rights afforded under state law, which includes the obligation to provide an adequate number of qualified personnel.  (*Id.*, ¶ 69.)  Moreover, Defendants and Rossmoor, LLC failed to disclose to Plaintiffs that they did not intend to comply with the minimum nurse staffing requirements.  (*Id.*, ¶ 75.)  As a result, Plaintiffs lost money and were injured by Defendants' conduct.  (*Id.*)

The only claim at issue in Rossmoor's motion to dismiss is Plaintiffs' claim under California's Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA").  Plaintiffs initially premised their CLRA claim on affirmative misrepresentations regarding the level of care and skilled nursing staff provided.  The Court held that Plaintiffs' failed to allege any misrepresentations with the requisite level of specificity, but provided Plaintiffs with leave to amend.  In their amended complaint, Plaintiffs recite the same alleged misrepresentation in paragraph 69, without providing any more detail regarding what the postings actually said, where they were posted, and when each Plaintiff viewed such postings.  In their opposition to Rossmoor's motion, Plaintiffs do not even argue that they sufficiently alleged an affirmative misrepresentation.  Instead, Plaintiffs assert that they alleged material omissions which are actionable under the CLRA.

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

### A.      Applicable Legal Standards for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1    questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC*

2    *v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

3         Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the

4    claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading

5    standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

6    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

7    of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing

8    *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely

9    allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief

10   that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff

11   pleads factual content that allows the court to draw the reasonable inference that the defendant

12   is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

13   *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement,

14   but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a

15   complaint pleads facts that are merely consistent with a defendant's liability, it stops short of

16   the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550

17   U.S. at 556-57) (internal quotation marks omitted).

18        Where a plaintiff alleges fraud, however, Federal Rule of Civil Procedure 9(b) ("Rule

19   9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud,

20   including the "who, what, when, where, and how" of the charged misconduct. *See Vess v. Ciba

21   Geigy Corp. USA*,  317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d

22   1541, 1547-49 (9th Cir. 1994). However, Rule 9(b) particularity requirements must be read in

23   harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement

24   of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the

25   circumstances constituting fraud so that a defendant can prepare an adequate answer from the

26   allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also

27   Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the

28   circumstances constituting the alleged fraud be specific enough to give defendants notice of the

1    particular misconduct ... so that they can defend against the charge and not just deny that they

2    have done anything wrong.") (internal quotation marks and citations omitted).

3    **B.      Rossmoor's Motion to Dismiss.**

4          The parties dispute whether the failure to disclose a material fact may constitute

5    actionable conduct under the CLRA.  In *Falk v. General Motors Corp.*, 496 F. Supp. 2d 1088

6    (N.D. Cal. 2007), the court held that a failure to disclose can constitute actionable fraud under

7    the CLRA in four circumstances: "(1) when the defendant is in a fiduciary relationship with the

8    plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the

9    plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4)

10   when the defendant makes partial representations but also suppresses some material fact." *Id.*,

11   496 F. Supp. 2d at 1095 (quoting *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 337 (1997)).

12   However, the Ninth Circuit has recently made clear that the duty to disclose is limited to

13   omissions which pose safety concerns.  *Wilson v. Hewlett-Packard Co.*,  668 F.3d 1136,

14   1141-1143 (9th Cir. 2012) ("Even if this Court applies the factors from *Falk* regarding

15   materiality, as Plaintiffs suggest, for the omission to be material, the failure must still pose

16   safety concerns.") (internal quotations marks and citation omitted); *see also Oestreicher v.*

17   *Alienware Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009) (under the CLRA, "[a]

18   manufacturer's duty to consumers is limited to its warranty obligations absent either an

19   affirmative misrepresentation or a safety issue.")

20         In a footnote, Plaintiffs argue that "nurse understaffing increases the risk of physical and

21   other harm for elderly and frail residents in nursing homes."  (Opp. at 5 n. 3.)  However,

22   Plaintiffs fail to plead this fact or allege safety issues that were caused by the alleged inadequate

23   nurse staffing.  Accordingly, Plaintiffs fail to plead sufficient facts to state a claim based on a

24   failure to disclose material facts under the CLRA.  The Court will provide Plaintiffs with leave

25   to amend to cure this defect.[1]

26

27         [1] The Court notes despite the fact that Plaintiffs reside or resided at various SNFs,
28   Plaintiffs do not allege specific conduct by or at the individual SNFs.  The parties have not
     raised, and thus, the Court has not considered whether Plaintiffs' alter ego allegations are, in
     fact, sufficient.  If Plaintiffs elect to file an amended CLRA claim, and if Plaintiffs have not

United States District Court
For the Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Rossmoor's motion to dismiss.  The Court is providing Plaintiffs leave to amend their CLRA claim.  Plaintiffs shall file their amended complaint, if any, within twenty days of the date of this Order.  If Plaintiffs do not amend their complaint, Rossmoor, LLC and the other defendants shall file an answer within twenty days.  If Plaintiffs file an amended complaint in accordance with this Order, Rossmoor and the other Defendants shall either file an answer or move to dismiss within twenty days of service of the amended complaint.

**IT IS SO ORDERED.**

Dated: March 26, 2012

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

_____

alleged sufficient facts in support of their alter ego theory to support imposing liability against each defendant based upon the combined conduct of the other defendants, Plaintiffs' current allegations regarding misrepresentations or omissions would fail under Rule 9(b). *See Wehlage v. EmpRes Healthcare Inc.*, --- F. Supp. 2d ---, 2011 WL 5172278, 10 (N.D. Cal. Oct. 31, 2011) (CLRA claim was not alleged with sufficient specificity because "[n]one of Plaintiff's allegations discloses the role of any specific Defendant in the misrepresentations or intentional nondisclosure or concealment of the nursing staff violations.").

The Court further notes that in a footnote at the end of their reply brief, Rossmoor argues that the Court should abstain from hearing Plaintiffs' CLRA claim.  If Plaintiffs amend their CLRA claim and Rossmore again moves to dismiss it, Rossmore should make any such argument fully in its opening brief if it seeks the Court to address abstention.