Robert J. Nelson (State Bar No. 132797)
Lexi J. Hazam (State Bar No. 224457)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956.1000
Facsimile: (415) 956-1008

| | |
|---|---|
| Michael D. Thamer (State Bar No. 101440) | Kathryn A. Stebner (State Bar No. 121088) |
| LAW OFFICES OF MICHAEL D. THAMER | Sarah Colby (State Bar No. 194475) |
| Old Callahan School House | STEBNER & ASSOCIATES |
| 12444 South Highway 3 | 870 Market Street, Suite 1212 |
| Post Office Box 1568 | San Francisco, CA 94102-2907 |
| Callahan, CA 96014-1568 | Telephone: (415) 362-9800 |
| Telephone: (530) 467-5307 | Facsimile: (415) 362-9801 |
| Facsimile: (530) 467-5437 | |

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs Arlene Bettencourt
and Harry Harrison*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAZEL WALSH, | Case No. 3:11-cv-00050-JSW |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING ALTER EGO DISCOVERY AND JURISDICTIONAL CHALLENGES UNDER FRCP 12(b)(2)** |
| v. | |
| KINDRED HEALTHCARE, INC., et al., | |
| Defendants. | The Honorable Jeffrey S. White |

**WHEREAS** on June 15, 2011 the Court granted in part and denied in part Defendants' motions to dismiss Plaintiffs' First Amended Complaint, and granted Plaintiffs leave to amend their Complaint, s*ee* Order Regarding Defendants' Motions to Dismiss (Dkt. 58), at 16;

**WHEREAS** with respect to alleged vertical alter ego relationships between the Facility

Defendants,[1] Subsidiary Licensee Defendants,[2] and the Parent Kindred Defendants,[3] the Court held in its June 15, 2011 Order that "Plaintiffs have sufficiently alleged 'unity of interest and ownership' as between Kindred and the Facilities," and that Plaintiffs have also sufficiently alleged "an injustice based on the parent Kindred entities' attempt to avoid liability," *id.* at 7; however, the Court also held that "Plaintiffs have not alleged what injustice would result if the Facilities, other than Rossmoor, were not held liable or if Hillhaven and Smith Ranch were not held liable," *id.* at 7-8;

**WHEREAS** the Court subsequently granted Plaintiffs' motion for leave to conduct limited discovery regarding alleged alter ego issues prior to filing a Second Amended Complaint, s*ee* Order Regarding Plaintiffs' Motion for Leave to Conduct Discovery (Dkt. 69);

**WHEREAS** on or about November 14, 2011, the parties entered a stipulation regarding litigation concerning personal jurisdiction and alter ego discovery. In particular, the parties agreed that Defendants will not move to dismiss Plaintiffs' Second Amended Complaint based upon insufficiency of Plaintiffs' alter ego allegations as to 1) the vertical alter ego relationships between the Facility Defendants, Subsidiary Licensee Defendants, and the Parent Kindred Defendants, or 2) the horizontal alter ego relationships between the Facility Defendants, and further agreed that if any Defendant or Defendants move to dismiss Plaintiffs' Second Amended Complaint based upon lack of personal jurisdiction, litigation related to the Defendants' challenge to personal jurisdiction would be stayed until further notice;

**WHEREAS** Plaintiffs filed a Second Amended Complaint, and the Court subsequently

---

[1] The thirteen "Facility Defendants" are: Alta Vista Healthcare & Wellness Centre (a/k/a Alta Vista Healthcare); Bay View Nursing And Rehabilitation Center; Canyonwood Nursing and Rehab Center; Care Center of Rossmoor (f/k/a Guardian of Rossmoor); Fifth Avenue Health Care Center; Golden Gate Healthcare Center; Hacienda Care Center; Nineteenth Avenue Healthcare Center; Kindred Healthcare Center of Orange; Santa Cruz Healthcare Center; Smith Ranch Care Center (f/k/a Guardian at Smith Ranch Care Center); Valley Gardens Healthcare & Rehabilitation Center; and Victorian Healthcare Center (f/k/a Hillhaven Victorian).
[2] The three "Subsidiary Licensee Defendants" are: Care Center of Rossmoor, LLC; Smith Ranch Care Center, LLC; and Hillhaven-MSC Partnership.
[3] The four "Kindred Defendants" are: Kindred Healthcare, Inc. ("Kindred Inc."); Kindred Healthcare Operating, Inc. ("KHOI"); Kindred Nursing Centers West, LLC ("Kindred West"); and California Nursing Centers, LLC ("California Nursing").

1  granted Defendants' motion to dismiss the Consumer Legal Remedies Act ("CLRA") claim with
2  leave to amend;

3      **WHEREAS** Plaintiffs filed a Third Amended Complaint, and Defendants Fifth Avenue
4  Health Care, Care Center of Rossmoor, L.L.C. fka Guardian of Rossmoor, Bay View Nursing and
5  Rehabilitation Center, Hacienda Care Center, Valley Gardens Healthcare and Rehabilitation
6  Center, Kindred Healthcare Center of Orange, Canyonwood Nursing and Rehab Center, Santa
7  Cruz Healthcare Center, Alta Vista Healthcare & Wellness Centre aka Alta Vista Healthcare, and
8  Smith Ranch Care Center have filed a motion to dismiss the CLRA claim pursuant to Rule
9  12(b)(6) of the Federal Rules of Civil Procedure, and Defendant Kindred Healthcare, Inc. filed a
10 motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2);

11     **WHEREAS** the hearing on the motions to dismiss currently is set for August 24, 2012;

12     **WHEREAS** the parties have agreed to extend their stipulation regarding personal
13 jurisdiction challenges and alter ego discovery to avoid litigation over these issues at this time;

14     **NOW THEREFORE**, it is stipulated that:

15     1.     All briefing and discovery related to Defendant Kindred Healthcare, Inc.'s motion
16 to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) is stayed.  If any Party
17 wishes to lift the stay, it may move the Court for such relief after providing all other Parties with
18 fourteen (14) days written notice;

19     2.     If any Party moves to lift the stay on litigation of personal jurisdiction, then
20 Plaintiffs will have ninety (90) days from the date the stay is lifted to conduct jurisdictional
21 discovery, including on alter ego issues, before filing their opposition brief.  This agreement is
22 without prejudice to Defendants' ability to challenge the scope of such discovery, including the
23 alter ego discovery previously propounded by Plaintiffs;

24     3.     Nothing in this stipulation will prevent Defendants from challenging Plaintiffs'
25 vertical or horizontal alter ego theories through motion for summary judgment, opposition to
26 class certification or other motion that does not merely challenge the legal sufficiency of the
27 allegations in Plaintiffs' Third Amended Complaint or any subsequent complaint;

28

1     4.     This stipulation regarding litigation related to personal jurisdiction and alter ego issues applies to any subsequent complaint filed in this action;

    5.     Plaintiffs previously have withdrawn discovery requests on horizontal and vertical relationships among Defendants, without prejudice to their right to reassert the requests ninety (90) days prior to the close of fact discovery, or if and when any of the following occur:

    a.     The Court sets a schedule for class certification briefing; or

    b.     Any Defendant moves to lift the stay on personal jurisdiction; or

    c.     Any Defendant moves for summary judgment based in whole or part on the insufficiency of Plaintiffs' alter ego, agency, or joint venture allegations.

    6.     Nothing stated herein shall preclude any Party from seeking a Court-ordered modification of the above-stated provisions for good cause shown.

    7.     Defendants' motion to dismiss the CLRA claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will remain on calendar. Plaintiffs' opposition brief will be due on June 12, 2012. Defendants' reply brief will be due on June 26, 2012.

Dated: May 29, 2012     Respectfully submitted,

MANATT, PHELPS & PHILLIPS

By: /s/ Brad W. Seiling
    Brad W. Seiling
    *Attorneys for Defendants*

Brad W. Seiling (State Bar No. 143515)
Andrew H. Struve (State Bar No. 200803)
Jessica L. Slusser (State Bar No. 217307)
Justin C. Johnson (State Bar No. 252175)
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

| | | |
|---|---|---|
| 1 | Dated:  May 29, 2012 | Respectfully submitted, |
| 2 | | STEBNER & ASSOCIATES |

By: /s/ *Kathryn Ann Stebner*
    Kathryn Ann Stebner
    *Attorneys for Plaintiffs*

Kathryn A. Stebner (State Bar No. 121088)
Sarah Colby (State Bar No. 194475)
870 Market Street, Suite 1212
San Francisco, CA  94102
Telephone:  (415) 362-9800
Facsimile:  (415) 362-9801

Robert J. Nelson (State Bar No. 132797)
Lexi J. Hazam (State Bar No. 224457)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Michael D. Thamer (State Bar No. 101440)
LAW OFFICES OF MICHAEL D. THAMER
Old Callahan School House
12444 South Highway 3; Post Office Box 1568
Callahan, CA 96014-5307

Christopher J. Healey (State Bar No. 105798)
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
600 West Broadway, Suite 2600
San Diego, CA 92101

W. Timothy Needham (State Bar No. 96542)
Michael J. Crowley (State Bar No. 102343)
JANSSEN, MALLOY, NEEDHAM, MORRISON, REINHOLTSEN & CROWLEY, LLP
730 Fifth Street
Eureka, CA 95501

Robert S. Arns (State Bar No. 65071)
Steven R. Weinmann (State Bar No. 190956)
THE ARNS LAW FIRM
515 Folsom Street, 3rd Floor
San Francisco, CA  94105

*Attorneys for Plaintiffs ARLENE BETTENCOURT and HARRY HARRISON*

**Filer's Attestation**:  Pursuant to General Order No. 45, Section X(B) regarding signatures, Brad W. Seiling hereby attests that concurrence in the filing of this document has been obtained.

The parties are admonished to show good cause for any future requests for extensions.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: May 31, 2012

_____
The Honorable Jeffrey S. White

302301015.1