**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HAZEL WALSH, et al.,

    Plaintiffs,

v.

KINDRED HEALTHCARE, et al.,

    Defendants.

No. C 11-00050 JSW

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT**

Now before the Court is the motion to dismiss filed by Fifth Avenue Health Care, Care Center of Rossmoor, L.L.C., f.k.a. Guardian of Rossmoor, Bay View Nursing and Rehabilitation Center, Hacienda Care Center, Valley Gardens Healthcare and Rehabilitation Center, Kindred Healthcare Center of Orange, Canyonwood Nursing Rehab Center, Santa Cruz Healthcare Center, Alta Vista Healthcare & Wellness Center a/k/a Alta Vista Healthcare, and Smith Ranch Care Center (collectively, "Defendants"). This motion is fully briefed and is ripe for decision. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for decision without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for August 24, 2012 is HEREBY VACATED. Having carefully considered the parties' arguments and relevant legal authority, the Court hereby denies Defendants' motion to dismiss.

**BACKGROUND**

Plaintiffs are residents, or the successors-in-interest of residents, at nursing homes owned and managed by Defendants. They allege that defendants have not provided sufficient

1 staffing of nurses at skilled nursing facilities ("SNFs") in California. According to Plaintiffs,
2 Defendants failed to maintain the statutorily-mandated nursing staff levels at the SNFs. As a
3 result, Plaintiffs suffered several "indignities and other harms" as a result of inadequate nurse
4 staffing, including, *inter alia*, inappropriate chemical and physical restraints, delayed responses
5 to call lights, lack of assistance with grooming, bathing, dressing, eating and showers, failure to
6 provide fluids, failure to administer or improper administration of medication, and lack of
7 proper hygiene and infection control measures. (Third Amended Complaint ("TAC"), ¶ 77.)
8 Plaintiffs allege that Defendants failed to disclose that they failed to comply with California's
9 adequate staff nursing requirements. (*Id.*, ¶¶ 76, 113.) As a result, Plaintiffs lost money and
10 were injured by Defendants' conduct. (*Id.*, ¶ 76.)

11 Defendants are only moving to dismiss Plaintiffs' claim under California's Consumer
12 Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). Plaintiffs premise their
13 CLRA claim on Defendants' alleged failure to disclose. The Court previously dismissed
14 Plaintiffs' CLRA claim on the grounds that Plaintiffs failed to allege that safety issues were
15 caused by the alleged inadequate nurse staffing. At issue here is whether Plaintiffs cured this
16 defect in their TAC.

17 The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

### A. Applicable Legal Standards for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

Where a plaintiff alleges fraud, however, Federal Rule of Civil Procedure 9(b) ("Rule 9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the charged misconduct. *See Vess v. Ciba Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-49 (9th Cir. 1994). However, Rule 9(b) particularity requirements must be read in harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted).

3

## B. Defendants' Motion to Dismiss.

As noted above, the Court previously dismissed Plaintiffs' CLRA claim on the grounds that Plaintiffs failed to allege that safety issues were caused by the alleged inadequate nurse staffing. The Court provided Plaintiffs with leave to amend. Upon review of Plaintiffs' TAC, the Court finds that Plaintiffs have cured this defect in their TAC.

Defendants assert several additional arguments in support of their motion to dismiss, some of which the Court had already considered and rejected when it provided Plaintiffs with leave to amend their CLRA claim. The Court determined that Plaintiffs may plead a CLRA claim based on a failure to disclose and that, with the exception of allegations connecting the omissions with safety issues, Plaintiffs had pled their allegations in support of this claim with sufficient particularity.

In its prior order dismissing Plaintiffs' CLRA claim, the Court noted that if Plaintiffs amended and failed to plead sufficient facts in support of their alter ego theory, Plaintiffs would need to plead facts sufficient to hold each individual defendant liable. Although Defendants now challenge whether Plaintiffs' allegations are sufficient with respect to each individual defendant, Defendants have not argued that Plaintiffs' alter ego allegations are insufficient. In the absence of such an argument, the Court assumes for purposes of this motion that Plaintiffs' alter ego allegations are sufficient. Accordingly, their allegations with respect to each individual defendant are sufficient as well.

Defendants also argue that the Court should abstain from hearing Plaintiffs' CLRA claim. In a previous Order on a motion to dismiss, the Court held that it would abstain from adjudicating Plaintiffs' claim for violation of California's Unfair Competition Law, California Business and Professions Code §§ 17200, *et seq*. ("UCL"). The Court applied the judicial abstention doctrine as set forth in *Desert Healthcare Dist. v. PacifiCare FHP, Inc.*, 94 Cal. App. 4th 781, 795 (2001). The court in *Desert Healthcare* explained that the rational underlying the judicial abstention doctrine is that "a court of equity has the discretion to withhold its aid." *Id*. at 794-95. Defendants have not presented any authority demonstrating that this judicial abstention doctrine under California law may be applied to legal, as well as equitable, claims.

4

1  In the absence of such authority, the Court finds that abstention from Plaintiffs' CLRA claim is
2  not permitted. Accordingly, the Court denies Defendants' motion to dismiss.[1]

### CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss. The Court HEREBY sets an initial case management conference for September 28, 2012 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: August 6, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] In their opposition to the motion to dismiss, Plaintiffs improperly request that the Court reconsider a prior ruling. Plaintiffs failed to request leave to file a motion for reconsideration in violation of Northern District Local Civil Rule 7-9(a). Moreover, Plaintiffs failed to provide any grounds supporting a motion for reconsideration. *See* N.D. Civ. L.R. 7-9(b)(1)-(3), (c) (moving party may not reargue any written or oral argument previously asserted to the Court). Therefore, the Court will not address Plaintiffs' request.