UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAZEL WALSH, et al.<br><br>Plaintiffs,<br><br>v.<br><br>KINDRED HEALTHCARE, INC., et al.,<br><br>Defendants. | Case No. 3:11-cv-00050-JSW<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPROVING PROPOSED NOTICE, AND SCHEDULING FINAL FAIRNESS HEARING<br>AS MODIFIED HEREIN<br>The Honorable Jeffrey S. White |

Upon review and consideration of the Settlement Agreement and its exhibits ("Settlement"), which have been filed with the Court, it is hereby ORDERED and ADJUDGED as follows:

1. The parties have agreed to settle the above-referenced action upon the terms and conditions set forth in the Settlement. The definitions in the Settlement are hereby incorporated as though fully set forth in this Order. This Court has jurisdiction over the subject matter and parties to this action pursuant to 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453.

2. The Settlement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Plaintiffs, by and through their counsel, have investigated the facts

1 and law related to the matters alleged in their Complaint, have engaged in extensive motion practice, and have evaluated the risks associated with continued litigation, trial, and/or appeal. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the parties and their capable and experienced counsel, and was reached with the assistance of a well-qualified and experienced jurist, the Honorable William Cahill (Ret.). The Court further finds that the proposed Settlement Class meets the requirements of Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), and should be certified for settlement purposes only; that the Named Plaintiffs should be appointed class representatives and the attorneys identified below should be appointed as Class Counsel; and that it is appropriate to effectuate notice to the Settlement Class and to schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter Final Judgment.

3. The Court finds that the Settlement confers substantial benefits upon the Settlement Class, particularly in light of the need for near-term injunctive relief and the damages that Plaintiffs and Class Counsel believe are recoverable at trial, without the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal.

4. Under the Settlement, Defendants agree to pay up to $8.25 million, allocated according to a formula by which each Settlement Class Member receives the amount calculated by multiplying the number of days that the class member resided in any Defendant Facility times the Subject Day Percentage (8 percent) times $20, the agreed-upon Subject Day Amount. A successor or personal representative of a resident of the Defendant Facilities may submit a claim form, provided that it materially complies with the requirements of the California Probate Code. The formula for the claim amount provides Settlement Class Members with a fair amount of recovery in that it is based on the Class members' period of residence at Defendant Facilities. In addition, the Record demonstrates that the Subject Day Amount of $20 is a favorable as compared to Subject Day Amounts in other, similar litigation. Finally, the 8 percent Subject Day Percentage is consistent with the rates of violations that Plaintiffs assert.

5. Defendants have also agreed to a stipulated Injunction that requires them, for a period of at least two years, to consistently utilize staffing practices at their skilled nursing facilities which will ensure that they comply with applicable California law. Specifically, at all times, each of the Defendant Facilities shall comply with Health and Safety Code section 1276.5 by providing a minimum of 3.2 actual nursing hours per patient day ("NHPPD") (herein the "3.2 NHPPD requirement"). Importantly, the Injunction also requires that Defendants budget to staff each Defendant Facility at an even higher level of 3.4 NHPPD. Finally, Defendants are required to pay all reasonable costs and expenses for a third-party monitor to ensure future compliance with the 3.2 hour NHPPD requirement, up to a maximum of $100,000. If it is determined that any of the facilities have failed to meet this standard, the cap for monitoring expenses will no longer apply. The record before the Court shows that this injunction will create tangible, meaningful improvements in the quality of care for elderly and vulnerable residents of the Defendant Facilities.

6. Finally, the Settlement Agreement includes ten facilities in addition to the facilities Plaintiffs originally sued. As with the facilities Plaintiffs originally sued, Plaintiffs obtained and analyzed staffing data for these additional facilities to determine the rates at which staffing violations occurred. The violation rates at these facilities were significantly lower than the rates at the facilities Plaintiffs originally sued. The violation rates of the ten additional facilities were taken into account by the Parties in negotiating the compensation to be paid to the Settlement Class. Accordingly, these additional ten facilities are appropriately included in the Settlement Agreement.

7. Under these circumstances, the Court finds that the proposed settlement is within the "range of reasonableness" such that dissemination of notice to the classes, and the scheduling of a fairness hearing, are worthwhile and appropriate. 4 *Newberg* § 11.25; *see also In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079-80 (N.D. Cal. 2007); *Young v. Polo Retail, LLC*, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).

8. The Settlement Class (the "Class") consists of all persons who resided in, or who are successors-in-interest and/or legal heirs of persons who resided in any of the Defendant

1  Facilities during the Settlement Class Period. The Settlement Class Period means November 23,
2  2006 through and including April 15, 2013, except as to Kindred Healthcare Center of Orange or
3  Alta Vista Healthcare & Wellness Centre, for which the Period is November 23, 2006 through
4  and including September 30, 2009.

5      9.     The Defendant Facilities include Kindred Transitional Care and Rehabilitation-
6  Bay View f/k/a Bay View Nursing and Rehabilitation Center, Kindred Transitional Care and
7  Rehabilitation Canyonwood f/k/a Canyonwood Nursing and Rehab Center, Kindred Transitional
8  Care and Rehabilitation-Walnut Creek f/k/a Care Center of Rossmoor, Kindred Transitional Care
9  and Rehabilitation-Fifth Avenue f/k/a Fifth Avenue Health Care Center, Kindred Transitional
10 Care and Rehabilitation-Golden Gate f/k/a Golden Gate Healthcare Center, Kindred Transitional
11 Care and Rehabilitation-Livermore f/k/a Hacienda Care Center, Kindred Transitional Care and
12 Rehabilitation-Nineteenth Avenue f/k/a Nineteenth Avenue Healthcare Center, Kindred
13 Transitional Care and Rehabilitation-Santa Cruz f/k/a Santa Cruz Healthcare Center, Kindred
14 Transitional Care and Rehabilitation-Smith Ranch f/k/a Smith Ranch Care Center, Kindred
15 Transitional Care and Rehabilitation-Valley Gardens f/k/a Valley Gardens Healthcare &
16 Rehabilitation Center, Kindred Transitional Care and Rehabilitation-Victorian f/k/a Victorian
17 Healthcare Center, Kindred Transitional Care and Rehabilitation – Village Square, Kindred
18 Transitional Care and Rehabilitation–Tunnell, Kindred Transitional Care and Rehabilitation–
19 Siena, Kindred Transitional Care and Rehabilitation–Lawton, Kindred Nursing and Transitional
20 Care-South Marin f/k/a Kindred Transitional Care and Rehabilitation – Larkspur, Kindred
21 Transitional Care and Rehabilitation–Foothill, Kindred Nursing and Transitional–Pacific Coast,
22 Kindred Nursing and Rehabilitation–Ygnacio Valley, Kindred Nursing and Rehabilitation–
23 Medical Hill, and Kindred Nursing and Healthcare–Bayberry.

24     10.     Excluded from the Class are: (a) Defendants; any entity in which Defendants have
25 a controlling interest; the officers, directors, and employees of any Defendant; and the legal
26 representatives, heirs, successors, and assigns of Defendants; and (b) the Judge to whom this case
27 is assigned and any member of the Judge's immediate family.

28

1    11.    The Court finds that the prerequisites for a class action under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied:

    a.    The members of the Class are so numerous that joinder of all members is impractical. Fed. R. Civ. P. 23(a). In addition, the Class is composed of readily ascertainable persons who resided at one or more of Defendants' Facilities during the Class Period.

    b.    This litigation involves common class-wide issues that, absent the Settlement, would drive the resolution of the claims. Fed. R. Civ. P. 23(b); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Several disputed issues are common to Plaintiffs and the Class, including whether Defendants violated and continue to violate California Health and Safety Code section 1430(b) by, among other things, failing to comply with California Health and Safety Code section 1276.5.

    c.    The claims of the named Plaintiffs are typical of the claims of the Class and of every Subclass. Fed. R. Civ. P. 23(c). Typicality is satisfied because the conduct at issue is alleged to have caused similar harm to all Class members.

    d.    The named Plaintiffs are adequate Class representatives and possess the same interests in the outcome of this case as the other members of the Settlement Class. Fed. R. Civ. P. 23(d). Like all Settlement Class members, the named Plaintiffs resided at one or more of the Facilities during the Class period, or are the successors-in-interest to deceased individuals who formerly resided at the Defendant facilities during the Class Period. The Court designates the Named Plaintiffs as representatives of the Settlement Class.

    e.    The Court also finds Class Counsel adequate, based on their prosecution of this case and their experience litigating complex class actions, including cases involving understaffing at skilled nursing homes. Accordingly, the Court appoints as Class Counsel to effectuate the Settlement: Robert J. Nelson, Robert S. Arns, Michael D. Thamer, Kathryn A. Stebner, Christopher J. Healey, and W. Timothy Needham. For purposes of these settlement approval proceedings, the Court finds that these attorneys and their law firms are well-qualified to serve as Class Counsel.

Case 3:11-cv-00050-JSW Document 123-12 Filed 06/12/13 Page 7 of 9

   f. The Class is entitled to pursue a claim for injunctive relief under Health and Safety Code section 1430(b) as a result of the asserted inadequate levels of qualified nurse staffing at Defendants' Facilities. Plaintiffs allege that Defendants have acted and/or refused to act on grounds that apply generally to the Class of residents at those Facilities, such that final injunctive relief of the nature obtained under the Settlement "is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Accordingly, the Court hereby certifies the injunctive-relief class under Rules 23(a) and 23(b)(2).

   g. Every Class member is also entitled to pursue a claim for monetary relief under the Settlement Agreement. The record demonstrates that the requirements under Rule 23(b)(3) are satisfied in that common legal and factual issues predominate over individual issues and resolution of this matter on a class-wide basis is superior to individual actions.

  12. The Court approves, as to form and content, the Notice attached as Exhibit 3 to Plaintiffs' Motion for Preliminary Approval. The Court finds that the Notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets the requirements of due process and Rule 23. The Court further finds that the Notice complies with Rule 23(c)(2)(A) because it is appropriate under the circumstances, provides individual notice to all Class Members who can be identified through a reasonable effort, and is reasonably calculated under all the circumstances to apprise the Class members of the pendency of this action, the terms of the Settlement, and the right to object to and be excluded from the Settlement.

  13. No later than 30 days after the Court grants preliminary approval of the Settlement Agreement, the Settlement Administrator shall disseminate the Class Notice by mail and publication. Class members shall receive individualized notice via U.S. Mail and through newspaper publication as described in the Settlement. All costs associated with this notice program shall be paid as provided for in the Settlement Agreement.

  14. Under the Settlement, Class Counsel shall move for final approval of the Settlement and file their Application for Attorneys' Fees and Costs no later than ~~14~~ 21 days before the deadline for Class members to submit their objection or request to be excluded from the Class Settlement. Any Class member may object to the Settlement and/or to Class Counsel's

1   Application for Attorneys' Fees and Costs; any such objection must be received by the Court and
2   by Counsel no later than ~~45~~ 60 days after Class Notice. Any Class member may request to be
3   excluded from the Settlement by the same date.

4       15.    The proposed Claim Form and Probate Declaration are clear and serve to
5   accomplish the allocation of settlement funds in accordance with the Settlement Agreement.
6   Class Members shall submit their Claim Forms (and Probate Declarations, where applicable) no
7   later than five months from the date of Class Notice.

8       16.    The dates of performance contained herein may be extended by Order of the
9   Court, for good cause shown, without further notice to the Class.

10      17.    The Fairness Hearing shall be held before this Court on ~~November 29, 2013~~ DECEMBER 6, 2013* at
11  9:00 a.m., to determine whether the Settlement is fair, reasonable, and adequate and should
12  receive final approval, and whether Class Counsel's Application for Attorneys' fees and Costs,
13  and for service awards for the Named Plaintiffs, should be granted. The Court's determination of
14  whether to approve the Settlement is separate from its determination of whether to award
15  attorneys' fees and costs and/or service awards. The Fairness Hearing may be postponed,
16  adjourned, or continued by Order of the Court without further notice to the Class. In the event of
17  a change to the date and/or time of the Final Approval Hearing, the Settlement Administrator
18  shall post notice of the change and the new date or time for the Final Approval Hearing on the
19  class action website listed in the Notice. After the Fairness Hearing, the Court may enter a Final
20  Order and Judgment in accordance with the Settlement.

21      18.    The schedule for the settlement process satisfies the requirements set forth in *In re*
22  *Mercury Interactive Corporation Securities Litigation*, 618 F.3d 988, 994-95 (9th Cir. 2010), in
23  that Class members are provided notice and access to Class Counsel's pleading in connection
24  with their Motion for Final Approval of the Settlement and Application for Attorneys' Fees and
25  Costs, as well as an adequate amount of time to review such information before the deadline for
26  submission of requests for exclusion or objections.

27      19.    Pending the Fairness Hearing, other than proceedings necessary to carry out or to
28  enforce the terms and conditions of the Settlement, this matter is stayed.

1115888.1      - 7 -      [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT
CASE NO. 3:11-CV-00050-JSW

*The Court is unavailable on November 29, 2013, due to the Thanksgiving holiday.

20. If the Settlement does not receive Final Approval, then the Settlement shall become null and void. Plaintiffs, the Class members, and Defendants shall be restored to their respective positions prior to the entry of this Preliminary Approval Order.

21. The parties shall select a Settlement Administrator that shall perform all the duties assigned to it by this Order and the Settlement.

22. Class Counsel and Counsel for Defendants are hereby authorized to employ all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement, including making, without further approval of the Court, non-material changes to the form or content of the Notice.

IT IS SO ORDERED this __23__ day of __August__, 2013.

_____
The Honorable Jeffrey S. White