IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZEL WALSH, *et al.*, | No. C 11-00050 JSW |
| Plaintiffs, | **ORDER REQUIRING SUPPLEMENTAL SUBMISSIONS ON MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| KINDRED HEALTHCARE, INC., *et al.*, | |
| Defendants. | |

The Court has conducted a preliminary review of Class Counsel's motion for attorneys' fees and costs, and it finds several of Class Counsel's declarations insufficient to support their lodestar requests. Although the Court expresses no opinion at this time on the reasonableness of the fees requested by Class Counsel, per firm or in its entirety, Class Counsel are HEREBY ORDERED to submit supplemental declarations in the format used by Kathryn A. Stebner by no later than November 12, 2013 to justify their requested lodestar amounts.

With respect to incentive awards, In general, an incentive award is designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class

representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

The Ninth Circuit recently reiterated that "district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives. ... [C]oncerns over potential conflicts may be especially pressing where, as here, the proposed service fees greatly exceed the payments to absent class members." *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted). The Court also notes that the parties have not provided the Court with sufficient information regarding the Class Representatives' request for incentive awards. (*See* Declaration of Robert Nelson ¶ 28.) In some cases an attorney declaration may be sufficient to establish the basis for incentive awards. *See, e.g., Wren v. RGIS Inventory Specialties*, 2011 U.S. Dist. LEXIS 38667, at *101-*105 (N.D. Cal. Apr. 11, 2011) (relying on counsel declaration where counsel unable to obtain declarations from class representatives). Accordingly, the Court will afford Class Counsel and the Class Representatives the opportunity to submit additional declarations in support of the requests by no later than November 15, 2013.

Finally, the Court notes that Class Counsel have exceeded this Court's page limitations for motions, and did not seek leave of Court to do so. *See* Civil Standing Order ¶ 7. Although the Court will not strike the briefs in support of the motion for attorneys' fees and the motion for final approval, because Class Counsel frequently appear before this Court, they are admonished to familiarize themselves with this Court's Standing Orders.

**IT IS SO ORDERED.**

Dated: November 7, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2