IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZEL WALSH, et al., | No. C 11-00050 JSW |
| Plaintiffs, | **ORDER GRANTING MOTION FOR FEES, COSTS AND INCENTIVE AWARDS** |
| v. | |
| KINDRED HEALTHCARE, et al., | **(Docket No. 134.)** |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court for consideration of the motion for attorneys' fees, costs, and incentive awards filed by Plaintiffs. (Docket No. 134.) The Court has considered the parties' papers, the supplemental declarations submitted, relevant legal authority, and the record in this case. The Court also held a final fairness hearing on December 6, 2013.

For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS the motion. The Court has set forth the facts underlying this dispute in prior orders, and shall not repeat them here.

## ANALYSIS

On August 23, 2013, the Court granted Plaintiffs' motion for preliminary approval of this class action settlement, and it appointed Robert J. Nelson, Robert S. Arns, Michael D. Thamer, Kathryn A. Stebner, Christopher J. Healey, and W. Timothy Needham, and their respective law firms, to serve as Settlement Class Counsel. (*See* Docket No. 132, Preliminary Approval Order at 5:24-27.) Settlement Class Counsel move the Court for an award of

$2,489,337.54 in attorneys' fees, $110,662.46 in costs, and incentive awards in the amount of $3,500.00 for each of the Class Representatives.

**A.  Objections.**

The Court received one objection to the request for attorneys fees from Maureen Keating, who argues, *inter alia*, that the attorneys expended an excessive number of hours addressing the issues related to Plaintiffs' alter-ego theory, and that they have already been compensated for their efforts in similar cases. Ms. Keating urges the Court to award Settlement Class Counsel twenty-five percent of the claims made. (*See* Docket No. 140.) With respect to the latter argument, the Ninth Circuit has held that it is an abuse of discretion for a court to award fees based on the value of claims made, rather than on the lodestar or a percentage of the entire fund made available to a class. *See Williams v. MGM-Pathe Communications*, 129 F.3d 1026, 1026-27 (9th Cir. 1997). Therefore, the Court overrules this objection. For the reasons set forth in the remainder of this Order, the Court overrules Ms. Keating's remaining objections to the amount of fees that Settlement Class Counsel seeks.

**B.  The Court Concludes the Fees Requested Are Reasonable.**

Defendants removed this case under the Class Action Fairness Act. In a diversity case, the Court applies state law to determine an award of attorneys' fees, unless state law runs counter to a federal statute. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). Because there is no conflict, the Court applies California law.

Under California law, "[t]he primary method for establishing the amount of reasonable attorney fees is the lodestar method." *In re Vitamin Cases*, 110 Cal. App. 4th 1041, 1053 (2003) (internal quotation marks and citations omitted). California courts have held that, "in cases in which the value of the class recovery can be monetized with a reasonable degree of certainty and it is not otherwise inappropriate, a trial court has discretion to adjust the basic lodestar through the application of a positive or negative multiplier where necessary to ensure that the fee awarded is within the range of fees freely negotiated in the legal marketplace in comparable litigation." *Lealao v. Beneficial California, Inc.*, 82 Cal. App. 4th 19, 49-50 (2000).

1  A percentage-of-the-benefit analysis "provides a credible measure of the market value of the
2  legal services," and therefore, may be used to cross-check the propriety of the lodestar fee
3  award. *Id*. at 49; *cf. In re Blue Tooth Headset Products Liability Litig.*, 654 F.3d 935, 942 (9th
4  Cir. 2011). (where "the settlement produces a common fund for the benefit of the entire class,
5  courts have discretion to employ either the lodestar method or the percentage-of-recovery
6  method").

### 1. Lodestar.

The Court applies the lodestar method by multiplying a reasonable hourly rate by the number of hours reasonably spent litigating the case. *See Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001); *Lealao*, 82 Cal. App. 4th at 26 ("The lodestar (or touchstone) is produced by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate."). "Once the court has fixed the lodestar, it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao*, 82 Cal. App. 4th at 26.; *see also id.* at 40 n.8 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). In this case, Settlement Class Counsel seek fees that are less than their base lodestar, thus they apply a negative multiplier.

Settlement Class Counsel attest that, in total, they have expended 5,728 hours for an unadjusted lodestar of $2,566,947.90.[1] As a starting point, the Court examines whether Settlement Class Counsel's hourly rates are reasonable within the "relevant community," *i.e.* the Northern District of California. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Plaintiffs bear the burden to "produce satisfactory evidence – in addition to the

---

[1] Because the Court concluded that Class Counsel's initial submissions supporting their fee requests were not sufficient, Class Counsel submitted supplemental declarations that set forth, by attorney, the number of hours expended and a description of the tasks in which each attorney engaged. Those supplemental declarations include charts that break down the amount of hours expended by each attorney or staff member who worked on this matter, and contain a general description of the work performed by each attorney or staff member. (*See generally* Docket No. 138, Supplemental Declaration of Robert J. Nelson and Exhibits E-I, Supplemental Declarations from additional Class Counsel.)

3

attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 980.

In support of their motion, Settlement Class Counsel submit a declaration from Richard M. Pearl who opines on the reasonableness of the rates charged by counsel. Mr. Pearl relies on rates that have been approved in other cases and refers to the rates charged by other firms within the Northern District that are similar to the rates charged by Settlement Class Counsel. (Docket No. 138-10, Declaration of Richard M. Pearl, ¶¶ 9-13.) The Court concludes Plaintiffs have shown that the requested rates are reasonable. The Court also has carefully considered the supplemental declarations submitted by each counsel, and it concludes that the hours Settlement Class Counsel expended on this litigation are reasonable and that Settlement Class Counsel worked to avoid duplication of efforts.

As set forth above, a multiplier is designed to take into account the "quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao*, 82 Cal. App. 4th at 26.; *see also id.* at 40 n.8 (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Courts may also consider such factors as: the skill needed to perform the legal service properly; whether the attorney was precluded from taking other employment; time limitations imposed by the client or the circumstances; whether the case was "undesirable;" and awards in other cases. *See, e.g., Fischel v. Equitable Life Assurance Society of the United States*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002).

Settlement Class Counsel accepted the case on a contingency basis, they have obtained a good result for the Class Members, and they will be required to continue to do work relating to administration of the settlement, including monitoring the injunctive relief. On balance, Settlement Class Counsel provided quality representation to Plaintiffs and the Class Members. Certain Settlement Class Counsel also attest that they gave up other work or were unable to take on other work as a result of pursuing this case. (*See, e.g.,* Docket No. 138-5, Supplemental Thamer Decl., ¶ 21; 138-6, Supplemental Stebner Decl., ¶ 10.) In addition, Settlement Class Counsel and Defendants negotiated the issue of fees after they had come to an agreement on the

4

issues of compensatory and injunctive relief, and the fees will not come out of the funds that are to be made available for Class Members. (Docket No. 138, Supplemental Nelson Decl., ¶ 27.)

The Court concludes that, on the facts of this case, the lodestar is reasonable, especially in light of the fact that Settlement Class Counsel have applied a negative multiplier, and seek an award that is less than their base lodestar.

### 2. Percentage of Recovery.

The Court also will conduct a cross-check of the lodestar by using the percentage of recovery method. The Ninth Circuit has established "25% of the common fund as a benchmark award for attorneys' fees." *Hanlon*, 150 F.3d at 1029; *accord In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 557 n. 13 (2009). The Court may adjust this benchmark to account for "special circumstances." *Six Mexican Workers*, 904 F.2d at 1311.

The parties have agreed to make $8.25 million dollars available to Class Members. If the Court considered the possible cash value of the settlement, the requested fees would amount to approximately 30% of that sum. However, the parties also negotiated substantial injunctive relief, and when the Court considers the value of that injunction, it reduces the overall percentage of fees that counsel will receive. This is not a case that settled early in the litigation. Rather, as set forth in the Court's Order granting final approval of the Settlement, the parties engaged in fairly extensive motion practice, and conducted some limited discovery to confirm representations Defendants made about the merits of the dispute.

For these reasons, the Court concludes that the attorneys' fees are reasonable, and the Court GRANTS the motion for attorneys' fees.

### 2. Costs and Expenses.

Counsel are entitled to reimbursement of their reasonable out-of-pocket expenses. *See* Fed. R. Civ. P. 23(h); *see also Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Settlement Class Counsel seek the reimbursement of costs in the amount of $ 110,662.46. (Docket No. 138, Supplemental Nelson Decl., ¶ 22, Ex. C; *see also* Docket No. 135, Declaration of Robert Nelson, Exs. E-I (Declarations of Settlement Class Counsel attesting to costs incurred).)

Upon review of the declarations and attached exhibits, as well as the supplemental declarations submitted by Settlement Class Counsel, the Court finds that the requested expenses are reasonable and should be reimbursed.

### 3. Incentive Awards.

The Class Representatives also request that the Court approve an incentive payment in the amount of $3,500.00.[2]  "Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958.  However, the decision to approve such an award is a matter within the Court's discretion.  *In re Mego*, 213 F.3d at 463.  In general, an incentive award is designed to "compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  *Rodriguez*, 563 F.3d at 958-59.  The Ninth Circuit recently reiterated that "district courts must be vigilant in scrutinizing all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Information Solutions, Inc.*, 715 F.3d 1157, 1165 (9th Cir. 2013) (internal citation and quotation marks omitted).

Courts may consider the following criteria in determining whether to provide incentive awards: "(1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation." *Van Vranken*, 901 F. Supp. at 299. (citations omitted).  The Court notes that each of the Class Representatives signed an agreement permitting them to separately and independently support, comment on, or object to any settlement reached in this litigation.  (*See generally* Docket Nos. 139-1 through 139-10.)  In addition, the Court has evaluated the declarations submitted by or on behalf of the Class Representatives, and evaluating each of the

---

[2] The Class Representatives are: Beverly Bakken, Julie Barton, Anne Knieriemen, Kathleen Daley, Arlene Bettencourt, Harry Harrison, Dora Hernandez, Linda Mahaffey, Jerry Dore, and James Morris.  (*See* Docket No. 139, Second Supplemental Declaration of Robert J. Nelson, ¶¶ 6-15, Exs. A-J (Declarations in Support of Incentive Awards).)

*Van Vranken* factors, the Court finds that the incentive awards are appropriate. In addition, the amount of the award sought, $3,500, is not excessive.

Accordingly, the Court GRANTS the request for the incentive awards and awards each of the Class Representatives, or their successors in interest as appropriate, $3,500.

**IT IS SO ORDERED.**

Dated: December 16, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE