Robert J. Nelson, State Bar No. 13279
Email: rnelson@lchb.com
Lexi J. Hazam, State Bar No. 224457
Email: lhazam@lchb.com
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111-3339
Tel: (415) 956-1000
Fax: (415) 956-1008

Kathryn A. Stebner, State Bar No. 121088
Email: kathryn@stebnerassociates.com
Sarah Colby, State Bar No. 194475
Email: Sarah@stebnerassociates.com
STEBNER AND ASSOCIATES
870 Market Street, Suite 1212
San Francisco, CA 94102
Tel: (415) 362-9800
Fax: (415) 362-9801

Michael D. Thamer, State Bar No. 101440
Email: michael@trinityinstitute.com
LAW OFFICES OF MICHAEL D. THAMER
Old Callahan School House
12444 South Highway 3
Post Office Box 1568
Callahan, CA 96014-1568
Tel: (530) 467-5307
Fax: (530) 467-5437

W. Timothy Needham (State Bar No. 96542)
Michael J. Crowley (State Bar No. 102343)
JANSSEN, MALLOY, NEEDHAM,
MORRISON, REINHOLTSEN &
CROWLEY, LLP
730 Fifth Street
Eureka, CA 95501
Telephone: (707) 445-2071
Facsimile: (707) 445-8305

Robert S. Arns (State Bar No. 65071)
Steven R. Weinmann (State Bar No. 190956)
THE ARNS LAW FIRM
515 Folsom Street, 3rd Floor
San Francisco, CA 94105
Telephone: (415) 495-7800
Facsimile: (415) 495-7888

Christopher J. Healey (State Bar No. 105798)
MCKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, CA 92101
Telephone: (619) 699-2491
Facsimile (619) 645-5328

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAZEL WALSH,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HEALTHCARE, INC., et al.,<br><br>Defendants. | Case No. 3:11-cv-00050-JSW<br><br>**STIPULATED ORDER FOR INJUNCTION** |

STIPULATED ORDER

Pursuant to the parties' stipulation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows.

As referenced herein, the term "Class Counsel" means counsel of record for the Class Plaintiffs, specifically, Stebner and Associates; The Law Offices of Michael D. Thamer; The Arns Law Firm; Janssen Malloy LLC; Lieff, Cabraser, Heimann & Bernstein, LLP; and McKenna Long & Aldridge LLP.

As referenced herein, the term "Defendant Facilities" means only the following entities: Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Village Square, Kindred Nursing Centers West, LLC, d/b/a Kindred Nursing and Rehabilitation – Golden Gate; Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Tunnell Center, Kindred Nursing Centers West, LLC, d/b/a Kindred Nursing and Healthcare – Victorian, Kindred Nursing Centers West, LLC, d/b/a Kindred Nursing and Transitional Care – Santa Cruz, Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Lawton, Kindred Nursing Centers West, LLC, d/b/a Kindred Nursing and Healthcare – Livermore, Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Canyonwood, Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Valley Gardens, Kindred Nursing Centers West, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Bay View, Bayberry Care Center LLC d/b/a Kindred Nursing and Healthcare – Bayberry, Medical Hill Rehab Center, LLC, d/b/a Kindred Nursing and Rehabilitation – Medical Hill, Ygnacio Valley Care Center, LLC, d/b/a Kindred Nursing and Rehabilitation – Ygnacio Valley, Hillhaven – MSC Partnership d/b/a Kindred Nursing and Rehabilitation Nineteenth Avenue, Pacific Coast Care Center, LLC d/b/a Kindred Nursing and Transitional Care – Pacific Coast, Greenbrae Care Center, LLC, d/b/a Kindred Transitional Care and Rehabilitation Larkspur, Smith Ranch Care Center, LLC, d/b/a Kindred Transitional Care and Rehabilitation Smith Ranch, Care center of Rossmoor, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Walnut Creek, Foothill Nursing Company Partnership d.b.a Kindred Transitional Care and Rehabilitation – Foothill, Siena Care Center, LLC, d/b/a Kindred Transitional Care and Rehabilitation – Siena, Kindred Transitional Care and Rehabilitation-Fifth

Avenue f/k/a Fifth Avenue Health Care Center.

This Court has jurisdiction over the Defendant Facilities, the Plaintiffs and all claims asserted in this action.

**COMPLIANCE WITH LAW**

1. At all times, each of the Defendant Facilities shall comply with Health and Safety Code section 1276.5 by providing a minimum of 3.2 actual nursing hours per patient day ("NHPPD") (herein the "3.2 NHPPD requirement"). Pursuant to Health & Safety Code section 1276.5(b), "nursing hours" means the number of hours of work performed per patient day by aides, nursing assistants, orderlies, registered nurses and licensed vocational nurses (excluding Directors of Nursing in facilities of 60 beds or larger capacity) who perform direct nursing services. Only direct caregivers shall be counted toward NHPPD. Notwithstanding the foregoing, "nursing hours" includes the number of hours of work performed per patient day by Directors of Nursing who perform direct nursing services when such Directors of Nursing have worked more than 8 hours in one day or more than 40 hours in one week, as long as these additional nursing hours are separately and properly documented and confirm that such direct nursing services were provided to residents.[1] A person serving as an Assistant Director of Nursing or a Director of Staff Development can be a direct caregiver when providing direct care nursing services beyond the hours required to carry out the duties of these positions, as long as these additional direct care nursing hours are separately and properly documented. In order to count for purposes of the 3.2 NHPPD requirement, an "aide" or "orderly" must qualify as a "nurse assistant" as that term is defined in Health and Safety Code sections 1337(d)(1) and 1337.5.

2. At all times, the Defendant Facilities shall comply with Health and Safety Code section 1599.1(a) by employing an adequate number of qualified personnel to carry out all of their respective facility's functions. Without limitation, this paragraph shall require that the Defendant Facilities employ[2] an adequate number of qualified nursing personnel to provide skilled nursing

---

[1] "Properly documented" means the documentation described in Section 6 of the California Department of Public Health's "All Facilities Letter" dated January 11, 2011.

[2] "Employ", for purposes of this Injunction, shall mean "to use on a daily basis".

services (as that term is defined in 22 California Code of Regulations ("CCR") section 72309) at the Defendant Facilities.

3. Throughout the term of this Injunction, the Defendant Facilities shall budget to staff each Defendant Facility at not less than 3.4 NHPPD. Nothing stated herein shall relieve the Defendant Facilities of the obligation to provide sufficient staffing at levels in excess of 3.4 NHPPD to the extent required based on patient acuity or other applicable factors.

4. At all times, the Defendant Facilities shall comply with the provisions of 42 C.F.R. section 483.30(e) and Health and Safety Code section 1276.65(f) (herein the "Posting requirement") by posting the following information in a prominent public place at the Defendant Facilities: (a) the actual direct care nursing hours for each shift; and (b) the resident census for each day. In addition, the Defendant Facilities shall retain the daily posted nurse staffing sheets for the term of this Injunction, or the period required under applicable law, whichever is longer.

5. At all times, the Defendant Facilities shall comply with 22 CCR section 72327 by employing a Director of Nurses eight hours a day on the day shift, five days out of each week throughout the year, at the Defendant Facilities (herein the "DON requirement").

**THIRD PARTY MONITOR/COMPLIANCE REPORTS**

6. A third party monitor ("Monitor") shall be appointed to review Compliance Reports (defined below) submitted by the Defendant Facilities and undertake all other necessary actions to monitor the Defendant Facilities' compliance with the terms of this Injunction. All fees and costs of the Monitor shall be paid by Defendants up to a maximum of $100,000 in total; any fees and/or costs exceeding that amount shall be borne solely by Plaintiffs' counsel, provided that there will be no cap on monitor expenses in the event Defendants violate the injunction. Class Counsel shall select the third party Monitor.

7. As referenced herein, the "Final Effective Date" means (a) if no appeal from the Judgment is filed, the date of expiration of the time for the filing or noticing of any appeal from the Judgment; or (b) if an appeal from the Judgment is filed, and the Judgment is affirmed or the appeal dismissed by a judgment or order of the California Court of Appeal ("Appellate Judgment"), thirty days after the date of such affirmance or dismissal; or (c) if a petition for

review of the Appellate Judgment is filed and denied, the date the petition is denied; or (d) if a petition for review of the Appellate Judgment is filed and granted, or the California Supreme Court orders review of the Appellate Judgment on its own motion, and the Appellate Judgment is affirmed or the review proceeding dismissed, and no petition for a writ of certiorari with respect to the California Supreme Court's judgment affirming the Appellate Judgment or dismissing the review proceeding ("Review Judgment") is filed, the date of expiration of the time for the filing of such a petition for a writ of certiorari; or (e) if such a petition for a writ of certiorari is filed and denied, the date the petition is denied; or (f) if such a petition for a writ of certiorari is filed and granted, the date of final affirmance of the Review Judgment or final dismissal of the review proceeding initiated by the petition for a writ of certiorari; or (g) should there be no objections to the settlement filed and ultimately ruled upon by the trial court, the date of final approval of the settlement by the trial court.

8. Commencing on October 1, 2013, and for each quarter thereafter, as long as this Injunction is in effect, each of the Defendant Facilities shall provide the Monitor with a quarterly report, delivered on or before the 25th day of the third month of each quarter, that contains all of the following information (herein, "Compliance Report") for that Facility: (a) the actual nursing hours for each day during the prior 90-day period (the "reporting period"); (b) the resident census for each day during the reporting period[3]; (c) the NHPPD for each day during the reporting period; (d) the hire date, enrollment status, and the training commencement date for each nurse assistant who is not yet certified, if any, whose hours have been included in the NHPPD calculation during the reporting period; (e) the documentation described in Section 6 of the California Department of Public Health's AFL dated January 11, 2011 for all Nursing Hours claimed for the Director of Nurses, the Assistant Director of Nurses, the Director of Staff Development and for any other personnel with primarily administrative and/or non-nursing titles

---

[3] "Resident Census" means the number of residents in the facility on any given calendar day as set forth in the Department of Public Health's Form 612. If the method of calculating the "Resident Census" is changed by the Department of Public Health during the existence of this Injunction, the "Resident Census" to be provided with the Compliance Report shall be calculated and reported as is then required by the Department's rules and regulations.

v
STIPULATED ORDER

or duties; and, (f) documentary evidence demonstrating actual dates, hours and assignments of all registry personnel providing direct nursing care when said personnel's hours are included in the NHPPD.

9. In the event that a question is raised by the Monitor with respect to information contained in a Compliance Report, the Monitor shall request in writing clarifying information or data from the Defendant Facilities in question. The Defendant Facilities shall provide a full and complete response to any such request to the Monitor not later than fifteen (15) calendar days after receiving the request.

10. Upon request in writing by the Monitor, Defendant Facilities shall provide to the Monitor the applicable electronic payroll data and Resident Census reports (collectively, the "Backup Data") for any Defendant Facility for the three month period immediately preceding the request, provided that: (a) the request shall be limited to three (3) or fewer Defendant Facilities per each Compliance Period; and (b) Defendants shall be provided with not less than fifteen (15) calendar days to produce the Backup Data.

11. The data described in paragraphs 8 to 11 of this Agreement shall not be used by the Monitor or Class Counsel for any purposes other than overseeing compliance with this Injunction.

12. The data provided to the Monitor under paragraph 8(c) of this agreement—the NHPPD for each day during the reporting period—shall be provided to Class Counsel. No other data referenced in paragraphs 8 to 11 of this Agreement will be provided to Class Counsel unless the Monitor determines that the Defendant Facilities violated the terms of this Injunction. Class Counsel may only use this data to enforce the Injunction in this lawsuit.

**OTHER PROVISIONS**

13. Nothing stated in this Injunction shall relieve the Defendant Facilities, or any of them, from complying with any other applicable federal or state law or regulation.

14. This Injunction shall be effective as of July 1, 2013 and shall remain in full force until June 30, 2015. If any of the Defendant Facilities violate the terms of this Injunction, however,

Plaintiffs may seek a Court order extending the Injunction duration, in addition to any other available remedy. Any such extension, however, shall be limited to only the Defendant Facility that did not comply with the terms of this Injunction.

15. The Court shall retain continuing jurisdiction over all parties and over this action to enforce the terms of this Injunction.

16. Without limitation to the Defendant Facilities' obligations to comply with applicable law and this Injunction and for purposes of enforcement of this Injunction only, the parties agree as follows:

16.1  Plaintiffs will not seek to enforce the terms of this Injunction unless: (a) any one of the Defendant Facilities fail to meet the 3.2 NHPPD or DON requirements on three or more days in any Compliance Report; (b) any of the Defendant Facilities fail to meet the Posting requirement on four or more days in any Compliance Report; (c) all Defendant Facilities combined have 15 or more violations of the 3.2 NHPPD requirement in any Compliance Report; (d) all Defendant Facilities combined have 15 or more violations of the DON requirement or the Posting requirement in any Compliance Report, or (e) an Enjoined Party fails to provide a timely and complete Compliance Report.

16.2  Prior to filing any motion to enforce the Injunction, Plaintiffs shall first provide Defendants with not less than 7 (seven) calendar days notice within which to show that no violation occurred; or that Court intervention is not warranted because (if applicable) the non-compliance was caused by fire, flood, earthquake, disease outbreak or some other cause completely beyond the control of Defendants. Plaintiffs will not seek to enforce the Injunction against any Facility employees.

**IT IS SO ORDERED, ADJUDGED AND DECREED.**

DATED: December 16, 2013

*[signature]*
The Honorable Jeffrey White
United States District Court Judge

**SO STIPULATED:**

DATED: 12/6/13

*[signature]* for

vii
STIPULATED ORDER

DATED: 12/6/13

Christopher J. Healey
McKenna, Long & Aldridge LLP
Attorneys for Plaintiffs

/s/ Brad Seiling

Brad W. Seiling
Manatt, Phelps & Phillips, LLP
Attorneys for Defendants

1086052.1